UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JASPER WASHINGTON,

      Petitioner,

      v.

PENNSYLVANIA BOARD OF
PROBATION AND PAROLE, *et al.*,

      Respondents.

CIVIL ACTION NO. 3:25-cv-01146

(SAPORITO, J.)

## ORDER

Jasper Washington, incarcerated at SCI-Coal Township, proceeds on a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, challenging the denial of parole by the Pennsylvania Board of Probation and Parole (the "Board"). (Doc. 1). For the following reasons, the Court will deny the petition.

## I.   BACKGROUND

In February 2000, Washington received an aggregate sentence of 15 to 30 years incarceration for convictions that arose from sexual intercourse with a minor. *See Commonwealth v. Washington*, No. CP-51-CR-0400541-2000 (Philadelphia Cty. Ct. Com. Pl.); (Doc. 6-3). His minimum sentence date was March 3, 2016, and he has been reviewed

for parole on four occasions between 2016 and 2024. In his most recent parole review, dated October 17, 2024, the Board interviewed Washington and cited the following factors to deny him parole: his risk to the community, as reflected in his risk and needs assessment and other reports; his "failure to demonstrate motivation for success"; his "minimization/denial of the nature and circumstances of the offense(s) committed"; his refusal to accept responsibility and lack of remorse for the offenses; and the nature of his crime. *See* (Doc. 6-7). Washington filed this petition on June 24, 2025, alleging that the Board denied him parole for arbitrary, inaccurate and pretextual reasons.

## II.    DISCUSSION

The respondent first argues that the Court lacks jurisdiction because Washington has not exhausted available state remedies. The application of the exhaustion requirement to parole challenges is disputed among courts in this circuit. *See Shoop v. Pennsylvania Bd. of Parole*, No. 1:25-CV-00943, 2025 WL 2178422, at *7-8 (M.D. Pa. July 31, 2025) (reviewing case law and concluding that exhaustion is not required). Because the record demonstrates that Simmons is not entitled to relief, we resolve the petition on the merits.

"[T]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," nor has the Commonwealth of Pennsylvania created such a right. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *see also Burkett v. Love*, 89 F.3d 135, 139 (3d Cir. 1996) (recognizing the general principle that the Pennsylvania parole statute does not create a liberty interest in the right to be paroled); *Coady v. Vaughn*, 770 A.2d 287, 289 (Pa. 2001) ("It is undisputed that [an inmate] does not have a clear legal right to the grant of parole, nor does the board have a corresponding duty to grant the same.").[1]

---

[1] Washington cites a variety of Pennsylvania statutes that he believes collectively demonstrate a liberty interest and a "presumptive right" to parole. He appears to contend that because sentencing courts consider factors that overlap with the parole statute in imposing a minimum sentence, *see* 42 Pa. C.S. §§ 9721(e), 9756, the denial of parole on similar grounds is an unlawful "enhancement" of the sentence barred by "issue preclusion." *See* (Doc. 2 at 4-8). Arguments based on similar interpretations of these statutes have been consistently rejected. *See, e.g.*, *Rambert v. Overmyer*, No. CV 17-42E, 2018 WL 1320374, at *3 (W.D. Pa. Feb. 1, 2018), report and recommendation adopted, 2018 WL 1353313 (W.D. Pa. Mar. 14, 2018); *Smythe v. Ward*, No. CIV. A. 00-0909, 2001 WL 1132223, at *1 n.1 (E.D. Pa. Sept. 19, 2001); *Maloy v. Vaughn*, No. CIV.A. 97-7355, 1998 WL 426561, at *2 (E.D. Pa. July 28, 1998). While 42 Pa. C.S. § 9756(c) bars "imprisonment without the right to parole" in certain cases, that refers to the availability of the parole process, not "an absolute right to [release] upon the expiration of a prisoner's minimum sentence."

*(continued on next page)*

Pennsylvania law grants the Board vast discretion to refuse or deny parole, *see* 61 Pa.C.S. § 6137, and Pennsylvania courts have affirmed the Board's complete discretion to parole a convict. *See, e.g., Reider v. Commw. Pa. Bd. of Prob. & Parole*, 514 A.2d 967, 971 (Pa. Comm. Ct. 1986). The parole statute indicates that the Board "shall consider": the nature and circumstances of the offense; any recommendations made by the trial judge and prosecuting attorney; the general character and background of the inmate; the notes of testimony of the sentencing hearing, if any, together with such additional information regarding the nature and circumstances of the offense committed for which sentence was imposed; and the conduct of the person while in prison along with his physical, mental and behavioral condition and history and his complete criminal record. *See* 61 Pa.C.S. § 6135(a).

Based on Washington's allegations of an "arbitrary, egregious, and conscience shocking" denial of parole, the Court understands him to claim that the Board's actions violated his substantive due process rights.

---

*See Cohen v. Horn*, No. CIV. A. 97-7175, 1998 WL 834101, at *6 (E.D. Pa. Dec. 2, 1998).

In such a case, a federal court's role is limited to reviewing the decision to determine whether the Board exercised its authority in an arbitrary, capricious or constitutionally impermissible manner. *Block v. Potter*, 631 F.2d 233, 236 (3d Cir. 1980). To show a violation of substantive due process rights, the petitioner must demonstrate that: (1) he was arbitrarily denied parole for impermissible reasons such as race, religion, or political beliefs; or (2) the Board failed to apply appropriate, rational criteria in reaching its determination. *Block*, 631 F.2d at 236. "[F]ederal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." *Coady*, 251 F.3d at 487. The "relevant level of arbitrariness required to find a substantive due process violation involves not merely action that is unreasonable, but, rather, something more egregious, which we have termed at times 'conscience shocking' or 'deliberately indifferent.'" *Hunterson v. DiSabato*, 308 F.3d 236, 247 (3d Cir. 2002) (citation omitted).

Washington objects to the Board's conclusions that he has failed to appropriately address his crimes. He alleges that he has "taken full responsibility . . . explained his crime . . . and shown remorse," which he

- 5 -

claims is proven by his completion of rehabilitation programming for sex offenders. However, he presents no evidence of these admissions, and even if he had, his disagreement[2] with the Board about the extent to which he has taken responsibility and shown remorse is not a basis for *habeas corpus* relief. Determinations of a person's sincerity and remorse "are necessarily subjective," *see Osifchin v. Mahally*, No. 3:16-CV-2446, 2018 WL 5649909, at *4 (M.D. Pa. Oct. 15, 2018), and completion of prison programming does not guarantee rehabilitation or create an "expectation" of parole on that basis. *See, e.g.*, *Robinson v. Pennsylvania Bd. of Prob. & Parole*, No. 17-CV-5242, 2019 WL 3003522, at *3-6 (E.D. Pa. Mar. 22, 2019), report and recommendation adopted, 2019 WL 2996249 (E.D. Pa. July 8, 2019); *Adams v. Pennsylvania Bd. of Prob. & Parole*, No. 3:14-CV-1448, 2016 WL 308802, at *4 (M.D. Pa. Jan. 25, 2016).

Washington emphasizes that he has "completed all the necessary programming required of him and more" and received positive recommendations from prison staff. However, the Board's decision was

---

[2] There is no evidence to support his allegation that the Board's findings on these issues were motivated by retaliation for his efforts to challenge his conviction.

not premised on Washington's failure to complete programming or the lack of a recommendation.[3] *See* (Doc. 6-7). Although Washington believes those factors should warrant greater weight, the Board's judgment to prioritize other factors, including the nature of his crime and his risk to the community, was not a violation of his constitutional rights. *See Coady*, 251 F.3d at 487 ("[T]he requirements of substantive due process are met if there is some basis for the challenged decision."). Ultimately, Washington has not presented evidence of arbitrary, irrational, or "conscience shocking" considerations that would entitle him to habeas relief. *See Hunterson*, 308 F.3d at 247.

III.    CONCLUSION

Accordingly, **IT IS HEREBY ORDERED THAT**:

1.    The petition (Doc. 1) is **DENIED**, and any further relief requested in Washington's traverse (Doc. 7) is also **DENIED**.

---

[3] For this reason, we do not grant Washington's request for discovery to obtain these recommendations. He also requested production of "correspondence . . . from the [Board]" referenced in one of his own exhibits, which he claimed he was "unable to locate" (Doc. 7, ¶ 18); however, our review suggests that any correspondence referenced therein was sent to the Board by Washington himself. *See* (Doc. 7-1) ("This acknowledges receipt and review of the issues . . . noted in [Washington's] correspondence received on 1/15/2025.").

2.    No certificate of appealability will issue, as Washington has not shown "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and jurists of reason would agree that he is not entitled to habeas relief. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

3.    The Clerk is **DIRECTED** to close this case.


Dated: May 15, 2026                    *s/Joseph F. Saporito, Jr.*
                                        JOSEPH F. SAPORITO, JR.
                                        United States District Judge